## Philadelphia v. Holmes Electric Protective Co.

*Abraham Wernick*, assistant city solicitor, and *Joseph Sharfsin*, city solicitor, for plaintiff.

*Benjamin O. Frick*, for defendant.

LAMBERTON, J., January 19, 1938.—Plaintiff, a municipal corporation, brought suit in assumpsit against defendant to recover the amount of certain license fees claimed to be owing by defendant to plaintiff under a city ordinance. Defendant filed an affidavit of defense on the merits and also set up new matter in accordance with section 14 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of April 22, 1929, P. L. 627. Defendant endorsed on the back of the affidavit of defense and new matter the following notice in accordance with section 15 of the Practice Act as amended:

"To the within-named Plaintiff, you are required to file an answer to the New Matter within fifteen days after service hereof."

The point at issue is whether a municipal corporation is required to file an answer to new matter.

Section 15 of the Practice Act, supra, as amended, provides that plaintiff, within fifteen days after service upon him of an affidavit of defense which sets up a set-off, or counterclaim, or sets forth new matter, shall file an answer under oath, which shall be called "plaintiff's reply". This section of the act contains no exceptions. It provides further as follows:

"The set-off, counter-claim, or new matter, if it consists of an affirmative defense, shall be regarded as the defendant's statement of claim, and the plaintiff's reply as an affidavit of defense thereto."

This means that, in the usual case, when a defendant pleads set-off, counterclaim, or new matter, defendant may have judgment for want of a reply, or may have judgment for the amount admitted to be due, or, at the trial of the case, may offer in evidence averments in the set-off, counterclaim, or new matter which are not denied in the reply. The question is whether this is true when plaintiff is a municipal corporation.

In Wilkinsburg Borough v. School Dist., 298 Pa. 193, Justice Sadler said:

"Since 1858 . . . it has been the policy of the law not to require municipal corporations to answer in any case, for it was then enacted that all laws requiring otherwise be repealed."

See Act of April 21, 1858, P. L. 385; Act of April 26, 1893, P. L. 26; Act of May 3, 1909, P. L. 394, and Act of May 8, 1913, P. L. 172. Justice Sadler there held that the Act of 1858 continued in force and relieved a municipal corporation of the necessity of filing an affidavit of defense in accordance with the provisions of a subsequent statute, even though such subsequent statute did not exempt municipal corporations from such require-

ment, and even though it contained a general repeal clause. He further said:

"Though the Act of 1923 in turn repeals legislation in conflict with its general terms, it may be said that such general statute without negative words, though containing a clause repealing all laws inconsistent therewith, cannot operate to set aside a previous statute which is particular, even though the provisions of the one are different from the other".

Since the set-off, counterclaim, or new matter, if it consists of an affirmative defense, is to be regarded as defendant's statement of claim, and plaintiff's reply thereto as an affidavit of defense, it would seem to be crystal clear that a municipal corporation need file no reply to a set-off, no reply to a counterclaim, and no reply to new matter, if it consists of an affirmative defense. But counsel for plaintiff argues that since the new matter filed in the instant case does not consist of an affirmative defense, the city should be required to reply in order that the issues may be clarified for trial. We think this would be too fine a distinction and a dangerous one. It would require a municipality to examine all new matter with care and to determine at its peril whether or not it consisted of an affirmative defense. The reasons given by Justice Sadler in Wilkinsburg Borough v. School Dist., supra, for relieving a municipal corporation of the obligation to file an affidavit of defense, are equally applicable in the case of a reply to new matter, whether that new matter does or does not consist of an affirmative defense.

The Act of 1858 was doubtless founded on the hardship of imposing on the agents of a municipality a duty, which was, in many cases, impossible, and often most difficult of performance. The want of personal knowledge, the difficulty in obtaining information from subordinate or higher agents of the local government, was in itself a sufficient reason for exempting the municipality from

an obligation imposed on the individual suitor, under the affidavit of defense law.

We think the proper interpretation of the legislative intent is that a municipal corporation need never file a reply to new matter.

And now, to wit, January 19, 1938, plaintiff's rule to strike off defendant's rule to file an answer to new matter is made absolute.